Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON and LONDON MARKET INSURERS, subscribing to the Policy with the Unique Market Reference B1093C080906,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE HORTON, LLC, a Washington limited liability corporation; EUGENE HORTON, and individual; and OAMPS SPECIAL RISKS, LTD., a Lloyd's broker,<br><br>Defendants. | No. 11-cv-02111<br><br>DEFENDANTS' EUGENE HORTON, LLC AND EUGENE HORTON'S FRCP 12(B)(1) MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR: FEBRUARY 24, 2012** |

Defendants, EUGENE HORTON, LLC and EUGENE HORTON, move to dismiss Plaintiffs' complaint on the grounds that the court lacks subject matter jurisdiction.

## I.   FACTS

Plaintiffs, Those Certain Underwriters at Lloyd's of London and London Market Insurers, subscribing to the Policy with the Unique Market Reference B1093C080906 (hereinafter "Lloyd's"), seek damages allegedly resulting from negligent misrepresentations made by Defendants with respect to a policy of insurance issued by Lloyd's to Stephen Yadvish (hereinafter "Yadvish") and insuring a 125' yacht ("hereinafter "Northcoast 125") under construction by Northcoast Yachts, Inc. (hereinafter "Northcoast"). Plaintiffs allege this

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 1
11-cv-02111
5395064.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Court has admiralty jurisdiction pursuant to 28 U.S.C. §1333 and diversity of citizenship between plaintiffs and defendants pursuant to U.S.C. §1332.

Defendant Eugene Horton is an insurance broker and member of Eugene Horton, LLC (hereinafter defendants "Horton"). In 2009, at Mr. Yadvish's request, Defendants Horton placed a yacht insurance policy covering the Northcoast 125 through Defendant OAMPS Special Risks, Ltd. (hereinafter "OAMPS"), a Lloyd's broker.[1] The Lloyd's yacht policy included coverage under the Longshore and Harbor Worker's Compensation Act (LHWCA). In 2009, a worker on the Northcoast 125 was injured, and in 2010 the injured worker made a claim under the LHWCA. At the time the Lloyd's policy was issued, and at the time of the injury to the worker, the Northcoast 125' was under construction in a Tacoma construction yard.[2]

## II.  PROCEDURAL HISTORY

In 2010, Northcoast and Yadvish filed suit against Lloyd's, Defendants Horton and Defendant OAMPS in Pierce County Superior Court, known as *Northcoast Yachts, et al., v. Sea-Mountain Insurance, et al.*, Cause No. 10-2-08513-6. On June 3, 2011, Pierce County Superior Court Judge Brian Tollefson granted Defendants' Horton Motion for Partial Summary Judgment, declaring LHWCA coverage existed for Stephen Yadvish under the Lloyd's policy. Judge Tollefson subsequently granted Northcoast/Yadvish's Motion for *Olympic Steamship*

---

[1] Access to the Lloyd's market is made through a London broker authorized to place insurance with the Lloyd's market, Plaintiffs' complaint, ¶10, p. 3, lines 14-16.

[2] Complaint, ¶¶12-15 and ¶32.

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 2
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

fees against Lloyd's.[3]

Lloyd's settled with Northcoast and Yadvish in the Pierce County Superior Court case and subsequently filed this action to recover funds paid, in whole or in part, in settlement of the state court proceeding.[4]

The Court lacks diversity jurisdiction because there is not complete diversity of citizenship. In a case where all plaintiffs are foreign citizens, the presence of a foreign citizen as a party defendant destroys complete diversity, *Grupo Dataflux v. Atlas Global Group, L.P.* 541 U.S. 567, 569 (2004), *Faysound Limited v. United Coconut Chemicals*, 878 F.2d 290 (9th Cir. 1989). Further, every underwriter of insurance through Plaintiffs Lloyd's, not just the lead underwriter for a syndicate, must be named and must be of diverse citizenship to satisfy diversity jurisdiction, *Carden v. Arkoma Associates,* 494 U.S. 185, 195 (1990), *Majestic Insurance Co. v. Allianz International Insurance Co.*, 133 F.Supp.2d 1218 (N.D. California 2001).

The Court has no admiralty jurisdiction since the facts and circumstances giving rise to Plaintiffs' claims did not occur on or over navigable waters and the actions giving rise to the alleged tort do not bear a significant relationship to any traditional maritime activity, *Taghodomi v. U.S.*, 401 F.3d 1080, 1084 (9th Cir. 2005).

Finally, Lloyd's claim based on alleged negligent misrepresentations is barred by the *Rooker-Feldman* Doctrine in that the same allegations regarding misrepresentations were made by Lloyd's in the Pierce County Superior Court action and the *Rooker-Feldman* Doctrine

---

[3] Complaint, ¶36.

[4] Complaint, ¶37.

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 3
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

prohibits the Court from exercising subject matter jurisdiction over this case that is a de facto appeal from the Pierce County Court's ruling, *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923), *Exxon Mobile Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280 (2005).

### III. ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) permits a party to assert by motion the defenses of lack of subject matter jurisdiction. For purposes of a motion to dismiss, material allegations of the complaint are taken as admitted, *Jenkins v. McKeithen*, 395 U.S. 411 (1969).

**A.  The Court lacks subject matter jurisdiction.**

**1.  There is no diversity of citizenship.**

The party seeking to establish diversity jurisdiction bears the burden of proof, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Plaintiff must allege the *citizenship* of all parties; merely alleging that a party is a resident of a certain state or country is insufficient to establish the *citizenship* of that party, *Hodgson v. Bowerbank,* 9 U.S. 5 Cranch 303, 3 L.Ed. 108 (1809), *Seven Resorts, Inc. v. Cantlen*, 57 F.2d 771, 774 (9th Cir. 1995).

Plaintiffs' complaint alleges that Defendant Eugene Horton LLC is a Washington limited liability corporation and that Defendant Eugene Horton is a Washington resident and insurance broker.[5] The complaint alleges that Defendant OAMPS is a "foreign entity and a registered Lloyd's broker".[6] Defendants Horton are residents and citizens of Washington. The citizenship of Defendant OAMPS is not alleged.

The complaint alleges that Plaintiffs "are foreign entities with their principal places of

---

[5] Complaint, ¶¶5 & 6, p. 2, lines 21-22.
[6] Complaint, ¶7, p.3, line 1.

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 4
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

business in London, England. Underwriters consist of four Lloyd's of London syndicates, including the Travelers Syndicate, and an insurance company, the Royal & Sun Alliance Insurance Co."[7] Plaintiffs' FRCP 7.1 statement discloses that "The Lloyd's syndicates are unincorporated associations" and that "The ultimate parent company of Royal & Sun Alliance Insurance is Royal & Sun Alliance Insurance Group plc."[8] The complaint fails to allege the citizenship of Royal & Sun Alliance Insurance Co. or the citizenship of the Underwriters or of Travelers Syndicate.

**2. Plaintiffs are unincorporated associations and each name or member of the syndicate must be diverse.**

28 U.S.C. §1332(a) provides original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between: citizens of a State and citizens or subjects of a foreign state [28 U.S.C. Section 1332(a)(2)]; and, citizens of different States and in which citizens or subjects of a foreign state are additional parties [28 U.S.C. Section 1332 (a)(3)].

The citizenship of each member of an unincorporated association must be considered in determining whether diversity exists, *Carden v. Arkoma Associates,* 494 U.S. 185, 195 (1990). Lack of diversity of citizenship of each member of an unincorporated association destroys the requirement of complete diversity, *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806).

Although there is division between the Courts of Appeal on the issue, a majority of courts that have ruled on this issue have held that Lloyd's syndicates are unincorporated associations and thus the rule from *Carden* applies to determine the citizenship of the parties,

---

[7] Complaint, ¶4, p.2, lines 17-20.

[8] Plaintiffs' FRCP 7.1 Statement, p. 2, lines 3-7.

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 5
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*Indiana Gas Co. v. Home Insurance Co.,* 141 F.3d 314 (7th Cir.1998); *Underwriters at Lloyd's London v. Osting-Schwinn*, 13 F.3d 1079 (11th Cir. 2010); *E.R. Squibb & Sons v. Accident and Casualty Insurance Co.*, 160 F.3d 925 (2nd Cir. 1998).[9] Defense counsel could find no 9th Circuit case addressing the issue. A California District Court has applied the majority rule, *Majestic Insurance Co. v. Allianz International Insurance Co.*, 133 F.Supp.2d 1218 (N.D. Cal. 2001).

Plaintiffs' FRCP 7.1 statement indicates that Lloyd's syndicates are "unincorporated associations".[10] Other than Traveler's Syndicate and Royal & Sun Alliance Insurance Company, Plaintiffs have failed to allege the names and citizenship of all persons or entities who comprise the four syndicates (and fail to allege the citizenship of either Traveler's or Royal & Sun Alliance).

### 3. Where all Plaintiffs are foreign citizens, the presence of foreign citizens as party defendants destroys complete diversity.

In this case, Plaintiffs are alleged to be "foreign entities with their principal places of business in London, England". Defendant OAMPS is alleged to be a "foreign entity and a registered Lloyd's broker". The presence of foreign citizens as party defendants, where all plaintiffs are foreign citizens, destroys complete diversity, *Grupo v. Dataflux v. Atlas Global*

---

[9] The 6th Circuit examines only the names of lead underwriters to determine diversity, *Certain Underwriters at Lloyd's, London v. Layne*, 26 F.3d 39 (6th Cir. 1994).

[10] Lloyd's is not an insurance company but a marketplace where insurance investors buy and sell insurance risk. The individual investors are known as "underwriters" or "Names" and do not operate individually but as members of "syndicates". "Syndicates" are groups of Names which underwrite coverage for an insured. The syndicate may have hundreds or thousands of investors. Names delegate authority to the "active underwriter" in the syndicate. Names have unlimited personal liability, but only for their share of the syndicate's losses. Under British law, the syndicates themselves are not legally recognized as persons having their own citizenship. *Transamerica Corporation v. Reliance Insurance Company of Illinois*, 884 F. Supp. 133, 137 (Delaware 1995).

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 6
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*Group, L.P.*, 541 U.S., 567,569 (2004), *Faysound Limited v. United Coconut Chemicals*, 878 F.2d 290 (9th Cir. 1989), *Oteng v. Golden Star Resources, LTD*, 615 F.Supp.2d 1228 (Colorado 2009).

Plaintiffs are "foreign entities" and Defendant OAMPS is a "foreign entity". There is no United States citizen on Plaintiffs' side of the case and the presence of foreign "entities" (assuming the foreign entities are foreign citizens) on both sides of the case destroys complete diversity.

**4.      Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.**

Federal courts lack jurisdiction to review state court final judgments, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (When there is parallel state and federal litigation, *Rooker-Feldman* not triggered by entry of judgment in state court), *Lance v. Dennis*, 546 U.S. 459 (2006), *Carmona v. Carmona*, 603 F.3d 1041 (9th Cir. 2010).  *Rooker-Feldman* prevents lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging state court judgments rendered before the district court proceedings commenced, *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (doctrine does not bar action by nonparties in privity with a party to the state court judgment).  The doctrine applies even if a party does not directly challenge the merits of the state court decision; and prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment, *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir 2008).

If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling

DEFENDANTS' HORTON FRCP 12(B)(1) MOTION TO DISMISS - 7
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction, *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Once a federal plaintiff seeks to bring a forbidden de facto appeal, that federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state court judicial decision from which the forbidden de facto appeal is brought, *Noel v. Hall, 341 F.3d 1148* (9th Cir. 2003).

Lloyd's answer filed in the Pierce County Superior Court action includes a counterclaim against Northcoast/Yadvish alleging that they, or their agents (including Defendants Horton), made negligent or intentional misrepresentations in connection with the placement of the policy.[11] Defendants Horton sought and obtained a declaration in Pierce County Superior Court that the Lloyd's policy provided coverage for Stephen Yadvish for LHWCA claims. In opposition to that motion, Lloyd's filed a memorandum of points and authorities arguing that a material issue of fact existed whether the policy was enforceable as a result of alleged material misrepresentations made by or on behalf of Yadvish. Specifically, Lloyd's brief stated:

> "…that Yadvish and Horton misrepresented the ownership of the yacht, the moorage of the yacht, the intended uses of the yacht, and the extent of completion of the yacht."[12]
>
> …
>
> "The fact that Northcoast knew the yacht needed at least another six months work by a crew of 40 and would therefore spend at least half of the period of Underwriter's yacht policy as a construction project was a critical fact that Yadvish knew but failed to disclose."[13]

The Hon. Judge Brian Tollefson granted Defendants' Horton Motion for Partial

---

[11] Declaration of Deborah A. Severson, **Exhibit 1**, p. 8 lines 13-16.

MOTION TO DISMISS - 8
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Summary Judgment, ruling that the Lloyd's policy provided Stephen Yadvish with LHWCA coverage[14]. This is not a case of parallel state and federal court litigation; the Pierce County Superior Court ruling was made long before this case was filed.

In the complaint filed before this Court, Lloyd's alleges almost verbatim the same misrepresentations as it argued before the Piece County Superior Court: Horton misrepresented who owned the yacht[15], Horton misrepresented that the yacht would be moored at Lake Union[16], Horton misrepresented that Yadvish intended to use the yacht as his personal yacht[17], Horton misrepresented the percentage of completion of the yacht[18] and Horton failed to disclose that the exposure to be insured was for up to 30 shipyard workers.[19]

Plaintiffs' complaint is a de facto appeal from a state court final judgment from which Lloyd's took no appeal. "A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.", *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).

Plaintiffs do not expressly plead that the Pierce County Superior Court decision was erroneous; however the relief sought – money paid by Lloyd's to Northcoast/Yadvish in settlement – if granted operates to nullify Judge Tollefson's ruling that the Lloyd's policy

---

[12] Declaration of Deborah A. Severson, **Exhibit 2**, p. 10, lines 13-15.
[13] Declaration of Deborah A. Severson, **Exhibit 2**, p. 19, lines 9-12.
[14] Declaration of Deborah A. Severson, **Exhibit 3**.
[15] Complaint, ¶25.
[16] Complaint, ¶27.
[17] Complaint, ¶28.
[18] Complaint, ¶29.

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 9
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

provided LHWCA coverage for Yadvish (and Judge Tollefson's ruling ordering Lloyd's to pay *Olympic Steamship* fees to Northcoast/Yadvish). The remedy ultimately sought by Lloyd's in this case is relief from the partial summary judgment ruling in Pierce County Superior Court.

**B.      The Court lacks admiralty jurisdiction.**

The district courts have original jurisdiction of cases in admiralty or maritime, "saving to suitors in all cases all other remedies to which they are otherwise entitled", 28 U.S.C. §1333(1). The party seeking to invoke maritime jurisdiction must show a substantial relationship between the activity giving rise to the incident and traditional maritime activity, *Sisson v. Ruby*, 497 U.S. 358, 367 (1990*)* (storage and maintenance of a vessel at a marina *on a navigable waterway* is a traditional maritime activity), *Foremost Ins. Co. v. Richardson*, 457 U.S. 668,674 (1982) (collision between two pleasure boats *on navigable waters* had significant relationship with maritime commerce), *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249,268 (1972) (jet aircraft that struck a flock of sea gulls on takeoff and sank in navigable waters not within admiralty jurisdiction), *Seven Resorts, Inc. v. Cantlen*, 57 F.2d 771, 774 (9th Cir. 1995) citing *Sisson v. Ruby*, 497 U.S. 358, 367 (1990).

A contract is within admiralty jurisdiction if its subject matter is maritime, *CTI Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F.2d 377 (2nd Cir. 1982) (contract for lease of cargo shipping containers is maritime). A "maritime" contract is one that relates to a ship in its use as such, or to commerce, or to navigation on navigable waters, or to transportation by sea or to maritime employment. A contract to build a ship is not within admiralty jurisdiction, *Royal Ins. Co. v. Pier 39 LTD*, 738 F.2d 1035, 1036 (9th Cir. 1984),

---

[19] Complaint, ¶30.

DEFENDANTS' HORTON FRCP 12(B)(1) MOTION TO DISMISS - 10
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*Galt G/S v. Hapag-Lloyd AG*, 60 F.3d 1270 (9th Cir. 1995) (subrogation claim for spoilage of canned hams not related to maritime activities even though transported by ship).

A tort claim falls within admiralty jurisdiction if the tort occurs on or over navigable waters and actions giving rise to the tort "bear a significant relationship to traditional maritime activity, *Taghodomi v. U.S*., 401 F.3d 1080, 1084 (9th Cir. 2005) citing *Executive Jet Aviation, Inc. v City of Cleveland*, 409 U.S. 240 (1972); *Whitcombe v. Stevedoring Services of America*, 2 F.3d 312 (9th Cir. 1993) (state law, not admiralty law, applied to claim for damage to automobiles in terminal awaiting shipment).

In *Seven Resorts, Inc*., the owner of a charter boat filed an action in admiralty seeking indemnity from the lessee of a houseboat on Lake Shasta for alleged personal injuries to another caused by the lessee's operation of the boat on the lake. The vessel owner argued that the district court had jurisdiction in admiralty over the charter contract, regardless of whether Lake Shasta was a navigable waterway, on the grounds that charter contracts are by definition maritime contracts.

The Court of Appeals held that admiralty jurisdiction over maritime contracts is "merely a subset of admiralty jurisdiction as a whole", that the primary focus of admiralty jurisdiction is the protection of maritime commerce, and that maritime commerce means activities related to the business of shipping. "As such, admiralty jurisdiction over both tort and contract issues requires a connection to navigable waters, *Seven Resorts, Inc. v. Cantlen*, 57 F.2d at p. 774, citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 736 (1961).

As alleged in Plaintiffs' complaint, the Northcoast 125' was in a Tacoma construction yard and under construction at the time of the alleged misrepresentations. The yacht was not

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 11
11-cv-02111
5395064.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

launched until March 2010.[20] The worker's alleged injury occurred while the vessel was under construction.[21] This Court has no admiralty jurisdiction over any of Plaintiffs' claims because there is no connection whatsoever to navigable waters, *Seven Resorts, Inc. v. Cantlen*, 57 F.2d at p. 774. The Northcoast 125' was not on or in navigable waters at the time of the alleged acts but was in a shipyard under construction. Since admiralty jurisdiction is predicated on a connection to navigable waters, this Court has no jurisdiction in admiralty over this action, *Seven Resorts, Inc. v. Cantlen*, 57 F.2d at p. 774, citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 736 (1961).

## IV. CONCLUSION

Defendants Horton respectfully request the Court dismiss Plaintiffs' complaint on the grounds the Court lacks subject matter jurisdiction in diversity, in admiralty and/or under the *Rooker-Feldman* doctrine.

RESPECTFULLY SUBMITTED this 26th day of January, 2012.

LEE SMART, P.S., INC.

By: s/Deborah A. Severson
Joel E. Wright, WSBA No. 8625
Deborah A. Severson, WSBA No. 35603
Attorneys for Defendants Eugene Horton, LLC
and Eugene Horton
Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
Phone: (206) 624-7990
Fax: (206) 262-8304
E-mail: jw@leesmart.com
E-mail: dxs@leesmart.com

---

[20] Complaint, ¶¶14, 15, 19 and 27.
[21] Complaint, ¶32.

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 12
11-cv-02111
5395064.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**CERTIFICATE OF SERVICE**

I certify that on January 26, 2012, I electronically filed the foregoing DEFENDANTS' EUGENE HORTON, LLC AND EUGENE HORTON'S FRCP 12(B)(1) MOTION TO DISMISS (WITH PROPOSED ORDER ATTACHMENT) and this CERTIFICATE OF SERVICE with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

David Schoeggl, Esq.
David W. Howenstine, Esq.
Mills Meyers Swartling
1000 Second Avenue, 30th Floor
Seattle, WA 98104-1064
Phone: (206) 382-1000
Fax: (206) 386-7343
dschoeggl@mms-seattle.com; dhowenstine@millsmeyers.com
*Attorneys for Plaintiff*

I further certify that on this same date, I caused to be served by email courtesy copies of the above-described pleadings on the following non CM/ECF participants:

David B. Jensen, Esq.
Sylvia J. Hall, Esq.
Merrick, Hofstedt & Lindsey, P.S.
3101 Western Ave., Suite 200
Seattle, WA 98121
Phone: (206) 682-0610
Fax: (206) 386.7343
djensen@mhlseattle.com; shall@mhlseattle.com
*Attorneys for Co-Defendant*
*OAMPS Special Risk, Ltd.*

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 26th day of January, 2012, at Seattle, Washington.

s/ Deborah A. Severson
Joel E. Wright, WSBA No. 8625
Deborah A. Severson, WSBA No. 35603

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 13
11-cv-02111
5395064.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Attorneys for Defendants Eugene Horton, LLC
and Eugene Horton
Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
Phone: (206) 624-7990
Fax: (206) 262-8304
E-mail: jw@leesmart.com
E-mail: dxs@leesmart.com

DEFENDANTS' HORTON FRCP 12(B)(1)
MOTION TO DISMISS - 14
11-cv-02111
5395064.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944